U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

MAY 06 2009

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DARCIE SAUNDERS, )
)
Plaintiff, )
)  09-5094
v. )
)
MID CONTINENT CREDIT )
SERVICES, INC., )
)
Defendant. )

## COMPLAINT

NOW COMES the Plaintiff, DARCIE SAUNDERS, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, MID CONTINENT CREDIT SERVICES, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. DARCIE SAUNDERS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Springdale, County of Washington, State of Arkansas.

1

5. MID CONTINENT CREDIT SERVICES, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is incorporated in the State of Iowa.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

### IV. ALLEGATIONS

9. On or about February 6, 2009, Plaintiff received a letter from Defendant advising her that it was attempting to collect a debt allegedly owed by Plaintiff to Cox Communications in the amount of $1,250.00.

10. The alleged debt of Plaintiff was incurred primarily for personal, family, or household services.

11. Soon after receiving the aforementioned correspondence, Defendant telephoned Plaintiff in an attempt to collect on the debt allegedly owed by Plaintiff.

12. Plaintiff disputed the account and advised Defendant that the account was not her responsibility and that she did not owe any money to Cox Communications.

13. Plaintiff requested verification of the debt from Defendant; no such verification was provided to Plaintiff.

14. On or about February 23, 2009, Plaintiff contacted Defendant to further inquire as to the details of the alleged debt. Plaintiff was told she had to call Cox Communications.

15. As advised, Plaintiff contacted Cox Communications but to no avail; Plaintiff was told that she had to speak with Defendant about the alleged debt.

16. On or about March 24, 2009, during a telephone call between Plaintiff and Defendant, Plaintiff reiterated to Defendant that this account was not hers, that she was not responsible for the debt and that she was disputing the alleged debt.

17. Despite being aware of Plaintiff's dispute of the debt, Defendant threatened to report information regarding the debt to credit reporting agencies and told Plaintiff.

18. On or about April 29, 2009, Defendant reported the alleged debt to various credit reporting agencies. Despite being cognizant of the fact that Plaintiff disputed the debt, Defendant has not reported the debt as disputed with the credit reporting agencies.

19. In its attempts to collect the debt allegedly owed by Plaintiff to Cox Communications, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

    a. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

    b. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

20. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

21. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DARCIE SAUNDERS, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**DARCIE SAUNDERS**

By: *[signature]*
Larry P. Smith
Attorney for Plaintiff

Dated: April 30, 2009

Larry P. Smith (Atty. No.: 6217162)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028
Facsimile:  (888) 418-1277
E-Mail:  lsmith@smithlaw.us